UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN REYNOLDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 22-3033-CSB |
| | ) |
| | ) |
| BILLY HOGAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court on Defendants William Hogan, Cecil Polley, David Brownback, and Jeremy Tucker's (collectively, "Defendants") motion for summary judgment. As explained more fully *infra*, Defendants are entitled to summary judgment because Plaintiff John Reynolds has failed to identify a genuine issue of material fact that would preclude summary judgment in Defendants' favor and because Defendants have demonstrated that they are entitled to judgment as a matter of law.

## I.
## STANDARDS GOVERNING SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v. Moyer*, 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the moving party has met its

1

burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he must do more than simply show that there is some metaphysical doubt as to the material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (Brennan, J., dissenting) (1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

Initially, the Court notes that, despite being provided with a notice from the Court advising him of the consequences for failing to respond to the motion for summary judgment, Plaintiff has failed to respond to Defendants' motion for summary judgment, and the deadline for him to do so has now passed.[1] As a result, Plaintiff has

---

[1] On December 4, 2023, the Court granted Plaintiff's request for counsel and attempted to recruit an attorney to represent him on a voluntary basis. In that Order, the Court stayed Plaintiff's responsibility to respond to Defendants' motion for summary judgment until after the Court determined whether an attorney would volunteer to

2

failed to submit any evidence with which to create a genuine issue of material fact sufficient to defeat Defendants' motion for summary judgment.

Local Rule 7.1(D)(2)(b)(6) provides that "[a] failure to respond to any numbered fact [contained within a motion for summary judgment] will be deemed an admission of the fact." *Id*. Therefore, Plaintiff has admitted all of the relevant facts that show that Defendants are entitled to summary judgment, and the Court incorporates those facts herein. *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010), *as revised* (July 19, 2010)(internal citations omitted)("At summary judgment, the plaintiffs filed an opposition to the defendants' motion but did not bother to respond to their statement of material facts. The district court thus accepted the defendants' statement of material facts as true. We do as well.").

Despite Plaintiff's failure to respond, the Court is cognizant that "[s]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion." *Boyd v. Habeck*, 2013 WL 518966, * 1 (E.D. Wis. Feb. 12, 2013)(citing Fed. R. Civ. Pro. 56(e) advisory committee note to 2010 amendments). Accordingly, the Court has reviewed the evidence submitted by Defendants in order to determine whether a genuine issue of material fact exists that would preclude summary judgment in Defendants' favor. The Court finds that no such disputed fact exists and that

---

represent Plaintiff in this case. Despite the Court's best efforts to recruit counsel for Plaintiff, no attorney volunteered to represent Plaintiff. Therefore, on February 6, 2024, the Court vacated its conditional order granting counsel and informed Plaintiff that he would need to represent himself in this case going forward, including filing a response himself to Defendants' motion for summary judgment. The Court gave Plaintiff until March 11, 2024, to file his response to Defendants' motion for summary judgment. As of the date of this Order, Plaintiff has not responded to Defendants' motion for summary judgment, nor has he moved for additional time within which to file his response.

3

Defendants are entitled to judgment as a matter of law. *Abbot v. Gale*, 896 F.2d 323, 326 (8th Cir. 1990)(holding that where a defendant denies the allegations of the complaint and a plaintiff then fails "to respond with evidence in support of [her] claim," the court is justified in granting summary judgment).

## II.
## MATERIAL FACTS

The undisputed facts demonstrate the following. During the relevant time, Plaintiff John Reynolds was a detainee at the Christian County Jail ("the Jail"). Plaintiff is currently an inmate with the Illinois Department of Corrections ("IDOC") and is incarcerated at the IDOC's Southwestern Correctional Center. During all relevant times, Defendant Cecil Polley was the Jail's Administrator. Defendant William Hogan (now retired) was a correctional officer at the Jail. Defendant Jeremy Tucker was also a correctional officer at the Jail. And, Defendant David Brownback was a sergeant at the Jail.

Plaintiff alleged in his operative Complaint that, while he was a detainee at the Jail, Defendants denied him his prescription medication. Plaintiff claimed that he suffers from a chronic, terminal illness for which he takes this prescription medication, and he further alleged that Defendants knew or should have known that he needed this prescription medication in order to live. According to Plaintiff, Defendants refused to provide this medication to him due to the cost of the medication. Plaintiff averred that, as a result of not receiving his prescribed medication, he has been hospitalized and almost died while a detainee at the Jail.

After allowing Plaintiff to amend his Complaint and after granting other Defendants' motions for summary judgment, the Court stated that Plaintiff had two claims remaining: (1) a *Monell* claim against Defendant Polley, in his official capacity, based upon the alleged Jail's (alleged) policy that refused to provide necessary medication to Plaintiff based upon the costs of the medication and (2) a medical claim in violation of Plaintiff's Fourteenth Amendment Due Process rights against Defendants Hogan, Brownback, Tucker, and Polley for allegedly ignoring his need for medical attention, *i.e.*, depriving him of his prescription medication. The remaining Defendants have now move for summary judgment on both claims.

## III.
## DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT

**A.     Defendants did not violate Plaintiff's Fourteenth Amendment rights.**

Because he was a detainee during the relevant time, Plaintiff's medical claim against Defendants is governed by the Fourteenth Amendment's Due Process Clause. *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*." *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018)(citing *Kingsley*, 576 U.S. 389 (2015)("[P]retrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically.'" (citations omitted)); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)("For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.")).

5

In evaluating a detainee's medical care claim, "[t]he first step . . . 'asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [the plaintiff's] case.'" *McCann v. Ogle County, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018)(quoting *Miranda*, 900 F.3d at 353). The second step asks, "whether the challenged conduct was objectively reasonable." *Id.* "This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id.*; *Huertas v. Milwaukee County Common Counsel*, 2020 WL 819273, * 4 (E.D. Wis. Feb. 19, 2020).

In particular, the denial of medical care for an objectively serious medical condition violates a pretrial detainee's due process rights if it is "objectively unreasonable" in the totality of the facts and circumstances, and if jail personnel act "purposefully, knowingly, or perhaps even recklessly when they consider[ ] the consequences of their handling of [the detainee's] case." *Miranda*, 900 F.3d at 353-54. The required mental state is more than mere negligence but "less than subjective intent—something akin to reckless disregard" for the detainee's serious medical needs. *Id.* (quoting *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). A medical professional may show this level of reckless disregard for a serious health risk without "literally ignor[ing]" the detainee. *Sherrod v. Lingle*, 223 F.3d 605, 611-12 (7th Cir. 2000) (explaining, in Eighth Amendment context, that a prison official may exhibit "disregard of a serious risk" if, for example, "a patient faces a serious risk of appendicitis, [and] the prison official gives the patient an aspirin and an enema and sends him back to his

6

cell"). The detainee can prove that the medical professional had the requisite mental state by proving that he received treatment "'so inadequate that . . . no minimally competent professional would have so responded under those circumstances.'" *McWilliams v. Cook County*, 2018 WL 3970145, * 9-10 (N.D. Ill. Aug. 20, 2018)(quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998)).

"Put another way, the treatment must have been 'so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment.'" *McWilliams*, 2018 WL 3970145, at *10 (quoting *Norfleet v. Webster*, 439 F.3d 392, 395-96 (7th Cir. 2006)). "If a 'need for specialized expertise either was known by the treating physicians or would have been obvious to a lay person, then the obdurate refusal to engage specialists permits an inference that a medical provider was deliberately indifferent to the inmate's condition.'" *McWilliams*, 2018 WL 3970145, at * 10 (quoting *Pyles v. Fahim*, 771 F.3d 403, 412 (7th Cir. 2014)(internal quotation marks omitted)); *Smith v. Kapotas*, 2020 WL 553619, * 3–4 (N.D. Ill. Feb. 4, 2020).

In the instant case, the undisputed evidence shows that Defendants did not deny Plaintiff access to medical care (*i.e.*, his prescription medication) in violation of his Fourteenth Amendment rights. On the contrary, the undisputed evidence shows that all of the medical care for the Jail's inmates and detainees was provided by the Jail's contracted medical staff who are employed by an outside agency; it was not Defendants' responsibility or duty. More to the point, none of the remaining Defendants made any medical diagnoses of Plaintiff; none of the remaining Defendants determined what medications or other medical treatment was necessary for Plaintiff; and none of the remaining Defendants ordered or prescribed medications for Plaintiff.

In short, Defendants could not provide the Jail's inmates or detainees—including Plaintiff—with medications or with any prescription drugs that were not prescribed by a medical professional. When medications were prescribed to Plaintiff by medical professionals, Defendants provided that medication to Plaintiff. When medications were not prescribed by medical professionals, Defendants did not provide medication to Plaintiff.

In order to be held liable under § 1983, the defendant must have been personally involved in the alleged constitutional deprivation. *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)(quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)). Plaintiff has failed to offer any evidence with which to create a question of fact regarding Defendants' personal involvement in depriving him of his Fourteenth Amendment rights. Defendants had no involvement or responsibility to provide any prescription medication to Plaintiff unless it was prescribed by medical personnel, and the undisputed evidence shows that Defendants provided this prescription medication to Plaintiff when prescribed by a medical professional. The undisputed evidence further shows that Plaintiff received medical care and treatment whenever he sought it while at the Jail. Therefore, Defendants are entitled to summary judgment on Plaintiff's Fourteenth Amendment medical claim against them.

**B.      Plaintiff has failed to establish his *Monell* claim.**

As for his *Monell* claim against Defendant Polley in his official capacity, Plaintiff has failed to identify any policy, practice, or procedure employed or followed instituted of followed by Polley in his official capacity at the Jail that violated Plaintiff's Constitutional rights. *Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658

(1978). Simply alleging that a policy exits that Polley enacted and enforced that required the Jail's employees and staff to deny expensive medication to the Jail's inmates and detainees is insufficient to preclude summary judgment, especially in a case such as this where Polley has provided a copy of the Jail's actual, written policy regarding providing prescription medication to the Jail's inmates and detainees and where the written policy specifically contradicts Plaintiff's claim. Accordingly, Polley is entitled to summary judgment on Plaintiff's *Monell* claim against him.

**IT IS, THEREFORE, ORDERED:**

    1.    **Defendant's motion for summary judgment [78] is GRANTED.**

    2.    **Accordingly, the Clerk of the Court is directed to enter judgment against Plaintiff and in Defendants William Hogan, Cecil Polley, David Brownback, Jeremy Tucker, and Wexford Health Sources, Inc.'s favor, with prejudice.**

    3.    **The Clerk of the Court is further directed to enter judgment against Plaintiff and in all other Defendants' favor, without prejudice.**

    4.    **All other pending motions are denied as moot, and this case is terminated. All deadlines and settings on the Court's calendar are vacated.**

    5.    **If he wishes to appeal this judgment, Plaintiff must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

    6.    **If he wishes to proceed *in forma pauperis* on appeal, Plaintiff's motion for leave to appeal *in forma pauperis* must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an**

**appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith.");** *Walker v. O'Brien*, **216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective).**

      7.     **If he chooses to appeal, Plaintiff will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 21st day of March, 2024

                                                                            /s Colin S. Bruce
                                                                             COLIN S. BRUCE
                                                           UNITED STATES DISTRICT JUDGE